GEORGE HAMMACK, RESPONDENT, v. WEST PLAINS LUMBER AND LUMBERMEN'S MUTUAL CASUALTY COMPANY, APPELLANTS.*—30 S. W. (2d) 650.

Springfield Court of Appeals. July 29, 1930.

*Robert S. Harbison* for appellants.

571

*Homer Rinehart* for respondent.

COX, P. J.—This action arose under the State Workmen's Compensation Act. The claimant, George Hammack, filed a claim against defendants. This claim was heard by a member of the commission at West Plains and he found that the claimant had recovered from the injury and had been paid all that was due him. Claimant appealed to the full commission and that body upheld the finding of the single commissioner. Claimant then appealed to the circuit court of Howell county. That court reversed the finding of the

commission and remanded the case to them for further hearing. Defendants then appealed to this court.

The ground upon which the circuit court remanded the case to the commission for further hearing is not preserved in this record and if his action can be upheld upon any legal ground, it will be our duty to affirm his action. We have carefully examined the record but fail to find in it anything that would justify setting aside the finding of the commission. The defendants admitted liability to plaintiff for compensation and had paid him on that account a total of $440.55 and then stopped the payments. The commission found that claimant had been paid all to which he was legally entitled. Whether or not the commission correctly so found depended entirely on the evidence as to the extent and durability of claimant's injuries. On those questions the evidence was conflicting. That for the claimant tended to show that he had not fully recovered and was entitled to more than had been paid him. The evidence for the defendants tended to show that he had fully recovered and had been fully paid. On this conflicting evidence the commission found for defendants. Their finding stands, in a general way, on the same basis as the verdict of a jury in an ordinary civil action. [Kinder v. Hannibal Car Wheel & Foundry Co. (St. Louis Court of Appeals), 18 S. W. (2d) 91; State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission (Mo. Sup. Ct.), 8 S. W. (2d) 897, 899.]

The statute, Acts 1927, p. 512, section 44, expressly provides that when an appeal is taken to the circuit court "No additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The Court on Appeal shall review only questions of law and may modify, reverse, remand for rehearing or set aside the award upon any of the following grounds and no other. . . . (3) That the facts found by the commission do not support the award. (4) That there was not sufficient competent evidence in the record to warrant the making of the award." The circuit court on appeal to it from the finding of the commission has before it all the evidence heard by the commission. The circuit court in considering this testimony can do but two things in relation to the finding of facts by the commission. It may determine whether the facts found by the commission will support the award and it may determine what part, if any, of the testimony heard by the commission was incompetent and then may determine whether or not the competent evidence was sufficient to warrant the making of the award. The circuit court cannot try the case *de novo* nor pass judgment on the weight of the evidence. As to the weight of the evidence the finding of the commission is conclusive and binding upon the court. The right

of the circuit court to set aside the finding of the commission because against the weight of the evidence as it may once set aside the verdict of the jury in a civil action does not exist under the Workmen's Compensation Act. While the finding of the commission for all purposes governing the result takes the place of the verdict of a jury, the statute, section 1454, Revised Statutes 1919, which authorizes the trial court to set aside the verdict of the jury once because against the weight of the evidence does not apply to a proceeding under this statute, but, in the absence of fraud, the finding of the commission as to the facts to be found from the evidence when there is sufficient evidence to support the award is conclusive and binding and in determining whether or not the evidence is sufficient to support the award the court must consider only the evidence which tends to support it and must disregard all the opposing evidence just as it would do in passing upon a demurrer to the evidence in an ordinary civil action.

We find that there is sufficient evidence in this record to support the award and the circuit court erred in remanding the case to the commission for further hearing.

The judgment of the circuit court will be reversed. *Bailey* and *Smith, JJ.,* concur.