R. L. HERNDON, RESPONDENT, v. S. A. ROBERTSON CONSTRUCTION COMPANY AND UNITED STATES FIDELITY AND GUARANTY COMPANY, APPELLANTS.—59 S. W. (2d) 75.

Springfield Court of Appeals, March 29, 1933.    Motion for rehearing denied April 25, 1933.

*Mann, Mann & Miller* for appellant.

*L. E. Crook* and *Poague, Silvers & Poague* for respondent.

ALLEN, P. J.—This is an action for review of an award by the Workman's Compensation Commission, as provided in section 3340 Revised Statutes of Missouri, 1929.

R. L. Herndon is claimant, S. A. Robertson Construction Company Employer and the United States Fidelity and Guaranty Company Insurer.

It is admitted that claimant sustained an accidental injury arising out of and in the course of his employment by the Construction Company, as a carpenter on a bridge, near Osceola, Mo., which fell and injured claimant October 4, 1928.

Previous to June 26, 1929, Insurer had paid compensation to claimant, at the rate of $20 per week, in the total sum of $614.37. On that day he filed with the commission a claim for additional compensation. Upon the first hearing on that claim the referee made an additional award to claimant, amounting to $160 and said among other things:

"In the opinion of the undersigned referee, said or all disability has ended, there being no permanent disability therefrom."

Thereafter, claimant filed application for review of the award of the referee, by the full commission, upon which review the commission on April 17, 1930 made an award of thirty-three and four-sevenths weeks compensation for temporary total disability at $20 per week and nine and two-sevenths weeks for temporary partial disability at $10 per week, subject to the previous payment of $614.37, leaving a balance due plaintiff of $149.30, from which award claimant appealed to the Circuit Court of St. Clair County, and at the November Term, 1930, the same was affirmed.

On June 12, 1931, claimant filed with the commission his application for review, of the award made by it on April 17, 1930, based on a change of condition of employee after said date.

Upon a hearing of claimant's application for review, in this case, the commission made the following findings of fact, rulings of law, and award:

"This case is before the commission on the ground of a change in condition. On April 17, 1930, a final award was issued providing for the payment of compensation on account of disability, for thirty-three and four-sevenths weeks at $20 per week and for temporary partial disability the sum of $10 per week for nine and two-sevenths weeks. Employee alleges that there has been a change in his condition since the date of said award.

"We find from the evidence that the accident of October 4, 1928, has caused a change in employee's condition for the worse, since our final award of April 17, 1930, and that he now has a fifty per cent loss of use of his back and said condition is permanent. Since loss of use of the back is not specified in section 3315 (a) Revised Statutes of Missouri, 1929, and as 400 weeks in the maximum amount of compensation payable for permanent partial disabilities not specified in said section, employee is entitled to fifty per cent of 400 weeks or 200 weeks' compensation at $20 per week, the insurer to receive credit for $764.37 previously paid for temporary total and temporary partial disability.

"Richardson, chairman, dissenting: I dissent for the reason that it is my opinion from the evidence that the condition of the employee at this time is due to other causes and was not caused by the accident of October 4, 1928."

Defendants appealed to the Circuit Court of St. Clair County. The award of the commissioners was by the circuit court at the November Term, 1931, affirmed, and is appealed to this court.

The points urged by the appellants for reversal are:

First: Appellant urges that the award made by the commission on petition for review in this case, is not justified, under the following words, occurring in section 3315:

"For permanent injuries other than those above specified, the said compensation shall be paid for such periods as are proportionate to the relation which the other injury bears to the injuries above specified, but no such period shall exceed 400 weeks."

The part of the finding of the commission relating to that subject is as follows:

"Since loss of use of the back is not specified in section 3315 (a) Revised Statutes of Missouri, 1929, and as 400 weeks is the maximum amount of the compensation payable for permanent partial disabilities not specified in said section, employee is entitled to fifty per cent of the 400 weeks or 200 weeks' compensation at $20 per week. The insurer to receive credit for $764.37, previously paid for temporary total and temporary partial disability.

"The wording of the finding above compared with the words of section 3315 (a) Revised Statutes of Missouri, 1929, shows that there are no injuries specified in section 3315 (a) upon' which a proportionate relation to the injury of claimant may be estimated or compensation fixed, hence as is said in the case of Johnson v. Kruckemeyer, 29 S. W. (2d) number 5, 730 the "Workmen's Compensation Commission was vested under the statute with discretion in matter of determining proportion of permanent injury to injuries definitely specified," which was in its discretion done by the commission in this case. Appellant has no cause for complaint on account of the credit on the allowance last made by the commission, since it was the beneficiary under that provision, and the commission was by section 3312 (c) Revised Statutes of Missouri, 1929, required to allow credit for all money previously paid.

"The employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents on account of the injury, except for liability under section 3311," which is for medical, surgical and hospital treatment.

Second: Appellant contends that the court erred in overruling defendant's motion to require the compensation commission to certify to the circuit court in this case, a transcript of the evidence and proceedings had in the matter of the award made April 17, 1930, together with a copy of said award, all of which, however, had been done on the previous appeal, and was at the hearing of this case, on file in the Circuit Court of St. Clair County; and was so admitted by the employee, and employer and insurer, and with the consent of each of them was made a part of the record in this case, to be considered by the court herein. It is true each of the parties alternately offered objections when the other consented to the admission, likewise each of them in the process of agreement consented, and the

court overruled the motion of defendant. If there was error, each of the parties invited it, and cannot now be heard to complain.

"A party is not permitted to invite error on the trial and then assign such error for a reversal of the judgment." [Meffert v. Lawson, 287 S. W. 610, 315 Mo. 1091.]

The circuit court properly considered the record of the previous appeal as a part of the record in this case.

Third: The third point urged by the defendants is that there was not sufficient, competent evidence offered by the claimant, to sustain the increased award on review.

The testimony for plaintiff was in brief, as follows:

R. L. Herndon (claimant) "My condition is worse now than when the commission made the award, April 17, 1930. I can't stoop as well as I could, nor lift as much as I could or be on my feet as much as I could at that time. The movement of my legs is more limited now than it was at that time, and causes me more pain than it did then. At the time of the former hearing I weighed about 182 pounds and at this time only weigh about 152 pounds. At night I have pain and cannot lay on either side at night, and my back and hips hurt whichever way I lay. This condition is worse than at the time of the former hearing."

The claimant is a competent witness in his own behalf. His testimony was supported by four physicians, all of whom had examined him from time to time, two of them commencing from the date of the original injury; all of them knew the history of the case, and heard the statements of hypothetical questions admitted by the commission, and gave it as their opinion that his condition was due to the injury mentioned. Their evidence was as follows:

DR. R. S. HOLLINGSWORTH: "I am acquainted with this man's physical history, since the accident. From hearing the evidence here and from the condition I now find in the patient, I feel that his condition at the present time is due to traumatism, producing what we call traumatic lumbago. It evidently must be due to the injury he sustained at the time of this fall."

DR. STEBBINS: "In my opinion, Mr. Herndon is completely disabled so far as manual labor is concerned. He has serious limitation of the function of the muscles through the region of his limbs and back. I credit Mr. Herndon's condition to that injury."

DR. S. B. HUGHES: "I am acquainted with R. L. Herndon. I made a physical examination of him about three or four weeks ago. I found extreme limitation of the spine. Considering Mr. Herndon's previous occupation as a laborer, I should say he is totally disabled. I base this upon my examination of motion and stiffness. The lumbar vertebrae are disabled entirely. Taking into consideration the fact

of lifting, he has enough rigidity to prevent lifting anything. I should say with the history of the injury and the absence of any cause for lumbago, the injury would be responsible for it. Mr. Herndon has no apparent foci of infection. I do not think he will get better because if he had simple lumbago it would pass away and he wouldn't have so much limitation of motion.''

DR. E. W. SULLIVAN: "I first saw Mr. Herndon on October 4, 1928, the date of the injury. Have seen him off and on from that time to the present date. Saw him about April, 1930. I observed him from December, 1929, to April, 1930, and have examined him since said date. I examined him today and found him in a worse condition than he was. He is suffering from pain, caused from the injury of the pelvis. I examined him every day while I waited on him in 1928.''

In addition to the foregoing testimony, several laymen testified as to the appearance of pain and condition of claimant being worse than in April, 1930.

It was stipulated that the deposition of Harold Kuhn, taken September 30, 1931, on behalf of employer and insurer, on file with the commission may be considered by it as a part of the original evidence, in this case, on behalf of the employer and insurer.

"I examined him on May 20, 1929. I do not find or make out any connection between the lumbago that I find at this time and the accidental injury, sustained on October 4, 1928. His condition now is more in the nature of a subacute lumbago. At the time of my first examination of Mr. Herndon he complained of his back hurting him. He was not stiff at that time. At this time I find a very definite stiffness. I would say he has a definite spasm of stiffness in his lumbar muscles, which limits his flection, I will say thirty-five per cent. Under ordinary labor I think it would incapacitate him fifty per cent or maybe more. I think the condition I now find is permanent. I think it is due to some focal infection. I do not know what it is. It may be his teeth. There is no definite connection between the lumbago and the accident occurring on October 4, 1928.''

The deposition of Dr. Kuhn was all the testimony that was offered by defendants before the commission, in the last review.

From the evidence heard by the commissioners, the majority found there had been a change of condition in claimant, for the worse, after April 17, 1930, and made the award, which was affirmed by the circuit court.

Section 3342, Revised Statutes of Missouri, 1929, states: "In the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding.''

The St. Louis Court of Appeals in the case of Tabacchi v. Garavelli

et al., 52 S. W. (2d), 567, says: "Where facts are sufficient to warrant finding, award made pursuant thereto cannot be disturbed by the circuit court."

The same court, in the case of Hassell v. C. J. Reineke Lumber Co., 54 S. W. (2d) 758, says: "In exercising review, appellate court is limited to the question of legal sufficiency of evidence to support commission's findings and award."

In determining whether evidence sustains compensation commission's findings, appellate court must find evidence most favorable to support the findings. [Lamkins v. Copper-Clad Malleable Range Corp., 42 S. W. (2d) 941, l. c. 943; Sanders v. Central Buildings Materials Co., 43 S. W. (2d) 863, l. c. 864.]

Where facts are in conflict, compensation commission's findings are conclusive on circuit and appellate courts.

Appellate court in determining whether compensation commission's award was sustained, considers only evidence and inferences contradicting unfavorable evidence. [Keithly v. Woods Bros. Const. Co., 56 S. W. (2d) 628.]

In Workmen's Compensation Cases ultimate fact may be shown by circumstantial evidence. [Zimmerman v. Goodfellow Lbr. Co., 56 S. W. (2d) 608.]

The commission found that the respondent sustained his burden and this court having nothing to do with the weight of the evidence, finds that there was sufficient competent evidence, upon which to base the award.

Fourth: The fourth point urged by appellants is, that the award of the compensation commission, made April 17, 1930, and affirmed by the Circuit Court of St. Clair County, on Appeal, was a final adjudication of the issues in this case.

The finding of the commission at that time was based upon the previous finding and award of Referee Cohn: "That in the opinion of the undersigned referee, said or all disability had ended, there being no permanent disability resulting thereform."

Followed by the award and findings of the commission, affirming the award of the referee, with some light changes as to extent of disability.

The question is, do the words "Said or all disability had ended, there being no permanent disability resulting therefrom," amount to a final adjudication upon the question of permanent disability.

For the following reasons, we think they do not:

Section 3340, Revised Statutes 1929, provides that: "Upon its own motion or upon the application of any party in interest, on the ground of a *change in condition*, the commission may *at any time*, upon a hearing, after due notice to the parties interested, review any

award and on such review, may make an award, ending, diminishing or increasing the compensation previously awarded. . . ."

The words of the statute, quoted above, are simple and clear.

The statement of facts and rulings of law, made by the commission in the present case are likewise clear and unequivocal.

The finding and award made by the commission is conclusive and final, and must be affirmed by this court, unless the facts and record come within the four (4) grounds for reversal, set out in section 3342, Revised Statutes 1929.

Appellants cite the case of Gant v. Price et al. (Kans.), 10 Pac. 1082.

The opinion of the Kansas Court in that case was determined upon the issue of whether the findings therein related to conditions present or past, and not as to any facts occurring after the award or that looked into the future, however the Kansas Court in its opinion, cited the case of Corvi v. Coal & Mining Co., 237 Pac. 1056, 1058, which as distinguished from the Grant case, discusses the very issues in this case, as follows:

"What effect an injury will have on capacity to work is necessarily a matter of predication in most cases. The arbitrator's predication may not accord with the facts disclosed by lapse of time. Capacity may increase or may diminish beyond what the award contemplated and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for *at the instance* of either employer or employee. A modified award is still likely to rest on predication, and, if the predication should prove to be wide of the truth, further adjustment to accord with the facts ought to be made."

"Inasmuch as the special procedure provided by the Workmen's Compensation Act contemplated successive reviews of award, to meet changed conditions, the term limitation upon modification of judgments rendered, pursuant to the civil code, does not apply."

The St. Louis Court of Appeals in the case of Sei v. Guthrie & Co. et al., 50 S. W. (2d) 644, l. c. 666, said:

"As the result of a hearing of the 11th of September, 1929, the referee entered an award, giving employee fifty-five weeks of temporary total disability. About twenty-seven weeks had been paid. There was a finding of fact made by the referee, in which he stated that there was no permanent injury and no probable future disability. No appeal was taken from the final award and the compensation was paid by employer. On December 13, 1930, claimant filed an application for rehearing and review, on account of a change in condition. A hearing was held on January 16, 1931. The commission made a temporary award under section 3340, Revised Stat-

utes 1929, awarding temporary total disability from September 1, 1929, to July 16, 1931. The compensation commission made a final award on this theory, from which employer appealed to the circuit court, where the award was affirmed." The case then went to the St. Louis Court of Appeals on appeal by the employer, where the court from the record found there was not sufficient evidence to show a change of condition of claimant after the final award, and reversed and remanded the case with directions to the commission to enter judgment denying the award. However, the Court of Appeals observed at page 66 (50 S. W. (2d)) as follows:

"Section 3340, Revised Statutes of Missouri, 1929, provides that, upon its own motion or upon the application of any party in interest 'on the ground of a change in condition' the commission may, upon a rehearing review any award ending, terminating, or increasing the compensation previously awarded, subject to the maximum and minimum provided. There is no question that, under the circumstances enumerated in this section, the commission may change the final award."

It is the opinion of the court that sufficient, competent evidence was produced and heard on this application for review, to show that a *change of condition* within the meaning of the statute had occurred to claimant, after the original finding of the commission on April 17, 1930; that the language of the commissioner, Cohn, "That said or all disability had ended, there being no permanent disability resulting therefrom" could not be an adjudication of the question of permanent disability, resulting from a subsequent change of condition, for the reason given in the case of Corvi v. J. R. Crow Coal & Mining Co., 237 Pac. l. c. 1058:

"What effect an injury will have on capacity to work is necessarily a matter of predication in most cases" was most certainly true in the instant case, for the reason that at the time of the finding of the referee, no permanent disability had resulted. The finding was upon a then past and present condition, which it is now alleged has since changed for the worse.

In the "Corvi" case, supra, we find the following reasoning:

"The arbitrator's predication may not accord with the lapse of time. Capacity may increase or may diminish beyond what the award contemplated, and compensation should be adjusted accordingly.

Therefore, review and modification of the award are provided for at the instance of either employer or employee."

Section 3340, Revised Statutes of Missouri, 1929, provides for review "At any time" while the Kansas Statute provides "At any time before the final payment has been made under or pursuant to any award or modification thereof, agreed upon by the parties."

It is true that wherever the common-law prevails, it is the pronounced doctrine to regard all the issues which might have been raised and determined in a given case as completely barred as if they had been adjudicated and included in the verdict.

The common law gives every man who has a cause of action his day in court, however he must present and hazard every issue involved in his cause; and every fact which is or might have been litigated in his one right of action is, by the result of the trial, presumed to have been adjudicated and is thereafter barred from further consideration in the courts.

By the common-law rules the employee who is injured by reason of actionable negligence of his employer must include every issue of fact concerned in his right to recover, including the extent of his injuries, and failing is presumed to have done so.

The Workmen's Compensation Act is a modern innovation of the common law, devised for the purpose of protecting alike, the employer and employee. It foresees the possibility of an employee being injured by accident under circumstances not involving negligence of either employer or employee and provides for him the means of compensation.

The basic principles of the compensation act and the rights and responsibilities provided and fixed thereby are contractual, both employee and employer, and the insurer of the employer first having accepted the mutual rights, benefits and immunities provided in the act, thereby agreeing to the rules and regulations fixed for its enforcement. One of which is the method of ascertaining, computing, fixing the extent and awarding the amount of damages, which may occur to a workman, by reason of accidental injuries, received by him, "arising out of and in the course of his employment," regardless of negligence of either party.

Section 3340 is a provision clearly intended to fix the method of guarding against the feature of uncertainty, that in common law, actions for negligence generally attends the problem of ascertaining the extent of his injuries, including future disabilities or permanent results.

Science has not yet mastered the art of accurate prophecy, as to what the final result of a personal injury will or may be to the human anatomy.

In a lawsuit, involving questions of negligence and consequent injury, under the common law, the matter of compensatory damages often requires the jury to engage in abstract speculation, prophecy and predication in its effort to estimate and fix the extent of the results of an injury. The trier of the facts often either over or under estimate the extent and amount of damage, so that they are

manifestly unfair, unreasonable, without proportion, either excessive or inadequate.

Section 3340, Revised Statutes 1929, is a part of the Compensation Act, ratified by the parties by their act of coming within its provisions, both employer and employee know that if after an award is made a change of condition occurs to employee whether the change be for the better or for worse, either party may ask for a review and the award may be ended, increased, or diminished, "subject to the maximum or minimum, provided by the act, and provided that 'no such review shall affect such award as regards any monies paid.' "

The provision is wise and just and was without doubt intended to provide against prophecy, speculation and guess. The right to review is open to all parties in interest, whether the last award in the light of a change of condition, proves excessive or inadequate, hence the provision for review departs from the common-law rule, with reference to adjudication as to matters comprehended by a change of a condition as above stated.

Therefore, in view of the statute, section 3340, the Workmen's Compensation Commission (except as provided in section 3333) is without power to make an award, that would bar either employee, employer or insurer from the right to have the same reviewed on the ground of a subsequent change of condition of the employee, whether such change be for the better or worse, or may result in ending, diminishing or increasing the next previous award.

Appellants cite case of Brown v. Corn Products Refining Co. et al., 55 S. W. (2d) 706.

That case is not in point, since the facts there show a valid compromise settlement made by the parties and approved by the Compensation Commission. Hence not reviewable. Section 3333 is also clear in its language, concerning the finality of a voluntary compromise or settlement duly approved by the commission and made, as provided in that section. By their contract the parties accepted the terms of section 3333 and also of section 3340.

1. We find that the commission acted within its powers.

2. That there is no claim that the award was procured by fraud.

3. That the facts found by the commission and affirmed by the circuit court support the award.

4. That there is sufficient competent evidence in the record to warrant the making of the award.

Therefore, the judgment of the circuit court is affirmed. *Smith* and *Bailey, JJ.*, concur.