L. E. WILSON, RESPONDENT, v. BROWNFIELD CONSTRUCTION CO. ET AL., APPELLANT.—74 S. W. (2d) 377.

Springfield Court of Appeals. September 6, 1934.

*George A. Hodgman* and *Williams & Stone* for appellants.

*J. William Cook* for respondent.

BAILEY, J.—This is a special appeal granted by this court from a judgment of the Circuit Court of Stone County, modifying a judgment of the Missouri Workmen's Compensation Commission.

The special appeal in this case was granted on the 13th of October, 1933, upon an application filed by the defendants, the Brownfield Construction Company and the Fidelity & Casualty Company, of New York. The application filed was exceedingly comprehensive. The original files and complete record were filed with the application. Upon examination of the application and record this court, under and by virtue of Section 1023, Revised Statutes of Missouri 1929, allowed said special appeal upon the ground that error had been committed by the circuit court against said petitioners, defendants herein, "materially affecting the merits of the action." It is urged by plaintiff that the special appeal was improvidently granted. To this we are unable to agree.

The application for the appeal shows that the Workmen's Compensation Commission approved a finding of its referee, which was in part, as follows: " 'I find from the evidence that on August 12, 1932, employee sustained an injury in an accident arising out of and in the course of his employment. That as a result thereof he was temporarily, totally disabled from that day to and including September 26, 1932. That the disability now complained of is due to natural causes, and is not the result of the accident.

" 'The reasonable cost of medical treatment not furnished by employer, including drugs, for the period from August 12, 1932, to September 26, 1932, is $54.25.' "

It also appears that on the 6th of February, 1933, the Commission made an award to the employee in the sum of $41.19 compensation for six and three-sevenths weeks or $6.41 per week and $54.25 for medical aid or a total sum of $95.44, and on review of the above finding, the whole Commission made and entered its final award approving same. Thereafter said employee, L. E. Wilson, duly filed his appeal from said award to the Stone County Circuit Court, to which court were transmitted all documents and papers in said cause together with a transcript of the evidence. At the March adjourned term, 1933, of said Stone County Circuit Court, the cause was submitted to the judge of said court and on the 13th day of June, 1933, the last day of said March adjourned term, said court duly entered a judgment purporting to modify the judgment or award, of the Commission, which judgment, of the circuit court, is in part, as follows: " 'The court finds from the evidence that L. E. Wilson was an employee of the defendant Brownfield Construction Com-

pany and that he was and is entitled to the benefits of the Workmen's Compensation Law of Missouri; that while working for the defendant on August 12, 1932, the plaintiff suffered serious injuries to his back, his kidneys and internal injuries; that such injuries caused plaintiff to suffer total disability; that the referee who heard the evidence at the original hearing in Galena, Missouri, on February 1, 1933, did not consider plaintiff's evidence as to his back injury and internal injuries other than the injury to the kidney; that on appeal, the Workmen's Compensation Commission did not consider the uncontradicted evidence offered by plaintiff as to the injury to his back and internal injuries, other than the injury to the kidney; that the record shows that the referee at the original hearing and the Workmen's Compensation Commission only considered the evidence relating to the injury to kidney of plaintiff; that plaintiff introduced uncontradicted evidence that he had suffered serious injuries to his back and internal injuries and that at the date of the hearing, plaintiff was unable to work, had been unable to work since August 13, 1932, and that he was under the care of a physician who had instructed and advised him not to work because of his physical condition caused by the injuries received while working for defendant on August 12, 1932; that plaintiff had suffered total disability . . .

" 'It is therefore considered, ordered, and adjudged that the judgment rendered in this matter heretofore by the Workmen's Compensation Commission of Missouri be modified and it is hereby modified, so that the judgment shall be in favor of the plaintiff and against the defendants and that plaintiff recover of and from the defendants the sum of $6.41 per week for the first three hundred weeks and $6 per week thereafter, so long as said plaintiff shall suffer total disability, and that plaintiff recover of and from defendants the sum of $54.25 for medical aid, and for his costs, and let execution issue therefor.' "

From the foregoing record it is apparent that the circuit court undertook to make a separate finding of facts and weigh the evidence taken before the referee. In particular does the court find, contrary to the finding of facts made by the Commission, that plaintiff had suffered total disability. It has been expressly held that a finding in regard to the nature, extent and duration of a disability, resulting from an injury sustained by an employee, is a finding of fact. [Vollet v. Federal Brilliant Sign Company, 49 S. W. (2d) 201, l. c. 202.]

In the case of Teague v. The LaClede-Christy Clay Products Company, 52 S. W. (2d) 880, 331 Mo. 147, it was held that: "Under the plain mandate of the statute neither the circuit court nor this court has power or jurisdiction to make findings of fact in any case arising under the Workmen's Compensation Act. Such power and jurisdiction, by the express terms of the act, is given to the Com-

mission. The pertinent part of Section 3342, Revised Statutes of Missouri 1929 (Mo. St. Ann. 3342), reads as follows:

" 'Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the Commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

" '1. That the Commission acted within or in excess of its powers.

" '2. That the award was procured by fraud.

" '3. That the facts found by the Commission do not support the award.

" '4. That there was not sufficient competent evidence in the record to warrant the making of the award.'

"It has been said that: 'The Workmen's Compensation Act not only vests in the Commission the power to find the facts in all cases which arise under the act, but expressly withholds that power from circuit courts and appellate courts. A circuit court and an appellate court may, when the question is properly presented, determine whether the findings of fact by the Commission are supported by sufficient competent evidence. But the value of the evidence, as well as the reasonable inference to be drawn therefrom, is for the commission and not for any of the constitutional courts.' [Beechem v. Greenlease (Cadillac) Motor Co., 225 Mo. App. 619, 38 S. W. (2d) 535, 537.]" [l. c. 882.]

We think the above authorities are sufficient to show that the trial court committed error materially affecting the merits of the action, and, the application for appeal having been made within one year as required by Section 1023, supra, the special appeal was properly granted.

It has been held by the Supreme Court that, "no record on the special appeal can be considered, save and except that which is before the appellate court or Supreme Court at the time the application for special appeal is filed." [Buerck v. Mid-Nation Iron Products Co. et al., 245 S. W. 45.]

In this case, however, the record made before the Commission and the circuit court, including the transcript of the evidence, was submitted to this court when the application for special appeal was made. It therefore follows that the whole record, including the evidence taken before the Workmen's Compensation Commission, is properly here on this appeal.

At the original hearing before referee Luke it was stipulated and agreed that L. E. Wilson, the plaintiff herein, was employed by the Brownfield Construction Company, defendant, on or about August 12, 1932; that both parties were operating under the Missouri Workmen's Compensation Law, and all liability was fully covered by the Fidelity & Casualty Insurance Company; that the employee had

notice of the accident and claim for compensation as filed with the Commission within the time prescribed by law; that the employee's average wage was $9.61, and that no compensation had been paid.

The evidence on the part of plaintiff tended to show that, while working for the Brownfield Construction Company, on August 12, 1932, he lifted a large stump, which struck another stump and twisted his body around in some way and threw him backward into a hole, said to be sixteen inches deep, hurting his back and side; that he made no complaint at the time to the foreman in charge; that no one saw him remove the stump, or receive the injury; that he suffered that night but went back to work the next day; that sometime during the morning he noticed blood in his urine; that during the day the pain increased and at five o'clock he was so sick he had to quit work; that the foreman knew he was sick but plaintiff could not remember whether he told the foreman about the accident for a couple of weeks or not; that Saturday evening, after the injury, Dr. Doggett was called to attend plaintiff and told him he had a sprained back or sprained kidney. It also appears from the evidence that Dr. Doggett treated plaintiff by using heat and other remedies and relieved the kidney condition; that the symptoms of the kidney condition cleared up and after that plaintiff should have been disabled only about thirty days as a result of the injury, but the doctor did not know exactly when the kidney condition cleared up. He stated, however, that he did not think there was any trouble with the kidney at the time of the hearing. He further testified he believed there was a wrench or strain in plaintiff's back and that the back injury had not cleared up; that the employee's pain at the time of the first examination, on August, 13, 1932, was attributable to the alleged accident, but that he did not know what was the cause of the pains in the back at the time of the trial; that there might be some trouble with the nerves but he did not know; that most all the conditions as to which he testified, came from "subjective symptoms;" that he was not sure about it and was "guessing at it all."

On the part of defendants, Dr. Vineyard, a kidney expert, testified that upon examination of plaintiff's urine, he found some pus cells but no bacteria; that these pus cells indicated infection or inflammation; that there was no evidence of injury to the bones or spine or pelvis; that he found nothing abnormal about plaintiff's back; that in his opinion, the employee was suffering from "a chronic inflammatory condition of the kidney;" that this was indicated by the presence of pus cells in the urine, the dilation and enlargement of the inside of the kidney and the destruction of the kidney tissues; that this resulted from a diseased condition and not from an injury; that the condition found in the employee's kidney was a condition which is slow of development, and takes months and years to build up; that he could not connect the condition of the kidney, as he found it on October 21st, with any kind of wrench to the back or body on

the preceding August 12th; that he found no condition present at that time, which would prevent plaintiff from doing ordinary work.

Dr. Lowe, a medical expert, testified for defendant, that he did not think plaintiff was suffering on September 12, 1932, from a traumatic condition of the kidney, back, legs or instep, which might have been received by him on August 12, 1932, nor that if he was disabled at that time, it could have been caused by an accident on August 12, 1932; that in his opinion, if claimant had received a sprain on August 12, 1932, which wrenched the muscles of his back, it should not have lasted very long, a period of weeks, or if severe enough, a couple of months, but, generally speaking, it should have cleared up in from three to six or eight weeks. There was other evidence, more or less cumulative in character, but we think the foregoing extracts from the evidence sufficient for the purposes of this opinion.

As heretofore stated, Section 3342, Revised Statutes of Missouri 1929, "vests the power exclusively in the Compensation Commission to make finding of facts." [Jones v. Century Coal Company, 46 S. W. (2d) 196; Beechem v. Greenlease Motor Company, 38 S. W. (2d) 535, 225 Mo. App. 619.]

It is also well settled that the findings of the Compensation Commission are similar to the verdict of a jury, and if supported by any substantial evidence the award made by the Commission is conclusive and binding upon both the circuit court and the Court of Appeals. [Hammack v. West Plains Lumber Co., 30 S. W. (2d) 650, 224 Mo. App. 570; Herndon v. Construction Company, 59 S. W. (2d) 75, 227 Mo. App. 694; State ex rel. v. Haid, 62 S. W. (2d) 869; Gillick v. Construction Co., 65 S. W. (2d) 927.]

In harmony with, and in logical development from, the law in such cases, it is further held that in determining whether or not the evidence is sufficient to support the award, the court should consider only the evidence taken before the Commission which is most favorable to and in support of the finding of the Commission, together with all reasonable inferences which may be drawn therefrom, and must disregard all opposing evidence. [Hammack v. West Plains Lumber Company, supra; Jones v. Central Coal Company, 46 S. W. (2d) 196; Thurman v. Coal Company, 49 S. W. (2d) 288.]

In the light of the authorities above cited, it is apparent that, on this appeal the finding of facts by the circuit court is not to be considered, but the appellate court should determine only whether or not there is sufficient competent evidence as shown by the record made before the Commission to warrant the making of the award which was made by the Commission. There can be no doubt that the evidence in this case was sufficient to support the award. While plaintiff, no doubt, received an injury to his back, as the commission found, yet the medical testimony supported the finding of the Commission that plaintiff was only temporarily disabled from August

12, 1932, to September 26, 1932. The only evidence that plaintiff continued to suffer from a pain in his back or that he had permanent injury to his back, is the evidence of plaintiff, himself. His own Dr. could not account for any such pain and was very uncertain as to the nature of plaintiff's injury. On the other hand, two doctors who testified as experts for the defendant, stated positively that neither the X-Ray pictures nor any examination, indicated the presence of any condition which would permanently disable plaintiff as a result of the accident, which is alleged to have occurred on August 12, 1932, and that he had fully recovered September 26, 1932, the date to which compensation was allowed. The Commission, or at least the referee, had the benefit of seeing and hearing the witnesses and it is not for this court or the circuit court to weigh the evidence or set aside the finding of the Commission under such circumstances.

It is therefore our opinion the judgment of the circuit court, modifying the award of the Compensation Commission, should be reversed and the circuit court directed to reinstate the award of the Commission and render judgment accordingly. It is so ordered. *Allen, P. J.,* and *Smith, J.,* concur.