Ruby SOMMERS, pro ami, Respondent,

v.

The HARTFORD ACCIDENT & INDEM-
NITY COMPANY, Appellant.

No. 22220.

Kansas City Court of Appeals.

Missouri.

March 7, 1955.

John T. Martin and W. K. Gibson, Sedalia, for appellant.

Michael J. Bogutski, Sedalia, for respondent.

BROADDUS, Judge.

The question presented by this appeal has to do with the right, if any, of appellant (intervenor), as the compensation insurer of plaintiff's employer, under the provisions of Section 287.150 RSMo 1949, V.A.M.S., a part of the Missouri Workmen's Compensation Act, to participate in a recovery by plaintiff-respondent of damages from the third party responsible for her injuries to the extent of payments made and to be made by plaintiff-respondent by way of compensation, including payments for necessary medical care and hospitalization.

The question arose in this manner. On February 13, 1953, plaintiff, a minor, through her father as her next friend, filed a petition for damages against defendants Doris Johnson and Mary E. Ott. The petition alleged that on January 29, 1953, while plaintiff was employed as a waitress in a drive-in eating establishment in Sedalia, Missouri, known as "Garst's Drive-In," she was seriously injured as a result of being violently struck by an automobile operated by Doris Johnson, the agent of Mary E. Ott, and pinned between such automobile and the side of the restaurant building. The petition further alleged that as a direct result of defendant's negligence the plaintiff suffered severe and permanent injuries involving multiple fractures of both legs below the knees, shock to her nervous system, disfigurement through permanent scars upon her legs, and that she suffered pain and anguish of mind, and that her earning capacity had been impaired, and that she would suffer large losses of earnings in the future.

Answers in the form of general denials were filed by the defendant Doris Johnson, a minor, through her guardian ad litem, and by defendant Mary E. Ott.

On March 26, 1953, appellant filed its petition to intervene in such action, alleging that it had in force at the time of plaintiff's injury a standard workmen's compensation policy with plaintiff's employer, Garst's Drive-In, and that a report of plaintiff's injury had been received by it, and that it was furnishing compensation to plaintiff for temporary total disability and medical treatment as provided by the Workmen's Compensation Act, Section 287.010 et seq. RSMo 1949, V.A.M.S., and that it did not and could not know at the time the extent of its exposure, but that it was entitled to be indemnified for any compensation payments by it made or to be made out of any recovery by plaintiff in the pending action, and prayed that it be permitted to intervene and show its interest and expenditures at the time of any future settlement or compromise.

Thereafter, plaintiff filed her written consent to appellant's request to intervene, denying, however, that appellant had any claim to or interest in any judgment recovered, but at the same time admitting the allegations of appellant's petition to intervene that it was the compensation insurer of plaintiff's employer and, as such, was furnishing compensation to plaintiff for temporary total disability and providing medical aid. The court granted appellant's request to intervene.

On August 31, 1953, the cause was taken up by the court without the aid of a jury. As appears from the colloquy between counsel and the court, an agreement had been arrived at for the settlement of plaintiff's action for the sum of $5,000, such amount being the liability limit under the policy of liability insurance in force on the automobile involved. However, plaintiff being a minor, the matter was to be dis-

posed of by judgment entry, and evidence was heard. There was a failure of proof connecting defendant Mary E. Ott with the occurrence and she was dismissed from the case. At the conclusion of the evidence the court entered judgment in favor of plaintiff and against the minor defendant Doris Johnson in the sum of $10,000. From that judgment Doris Johnson appealed to the Supreme Court. While such appeal was pending, the judgment was compromised by plaintiff's curator, acting with approval of the Probate Court of Pettis County, for the sum of $5,150, which sum the Circuit Court ordered paid to the Clerk of said court and by him held subject to the further judgment of the court determining the respective rights and interests therein of plaintiff and intervenor.

Thereafter, on March 9, 1954, plaintiff filed a pleading entitled "Cross Claim for a Declaratory Judgment" wherein she prayed the court to declare that intervenor had no right or claim in the judgment by her recovered or in the proceeds thereof in the hands of the clerk on the ground that plaintiff in her petition had not sought to recover "damages for her loss of earnings during minority, nor for her medical and hospital expenses incurred during minority," and further praying an order directing the clerk to pay over the money in his hands to plaintiff as her absolute property.

To such pleading intervenor-appellant filed an alternative motion to dismiss and answer. The motion to dismiss set forth as grounds therefor that plaintiff's pleading failed to state a cause of action or claim upon which relief could be granted or a legal defense to intervenor's claim for subrogation. In answer to plaintiff's cross claim it was alleged that intervenor, as required by the Workmen's Compensation Act, had paid compensation to plaintiff to date in an amount exceeding $500, and had made medical payments on account of plaintiff's injuries in an amount in excess of $1,200; that plaintiff had filed a claim for compensation with the Division of Workmen's Compensation wherein plaintiff claimed compensation for the injuries set out in her petition, which claim was pend-

ing for final determination; that intervenor, under said Act, by arrangement with plaintiff and her counsel, was undertaking to provide further necessary surgery, at its expense, which was scheduled to be performed on or about March 23, 1954, and that its ultimate liability to plaintiff for compensation and for medical treatment was not yet determinable. Such answer further alleged that under the provisions of the Compensation Act, it was subrogated to plaintiff's right of recovery against third parties to the extent of the payments of compensation made by it to plaintiff and payments made by it for medical aid furnished plaintiff pursuant to said Act, and that it was entitled to be repaid out of the money in the hands of the clerk to the extent of the compensation payments, including medical, by it made to plaintiff, and to be further indemnified therefrom for such further and additional sums as it might be required to pay in the future. The answer concluded with a prayer for an order directing the clerk to pay out of the funds deposited in court an amount sufficient to reimburse intervenor for the payments by it already made to or on plaintiff's behalf and for such further general relief as to the court should seem meet and just in the premises.

The record shows that on April 7, 1954, plaintiff's cross claim for a declaratory judgment was taken up and submitted to the court and taken under advisement. The record further shows that on April 18, 1954, without hearing any evidence, the court entered a judgment declaring that, under Section 287.150 RSMo 1949, V.A. M.S., intervenor had no right to any part of the sum of $5,150 being held by the clerk and directing him to pay said sum over to plaintiff.

A motion for a new trial was duly filed by intervenor and upon the same being overruled, this appeal was perfected.

Section 287.150 upon which appellant bases its claim as above outlined reads as follows: "*Injured employee may hold third person, when—effect.* Where a third person is liable to the employee or to the

dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

The foregoing statute is to be read with another section of the Act in mind, to-wit, Section 287.030, which provides that "any reference [in the Act] to the employer shall also include his insurer." It follows that appellant has the same rights under the provisions of Section 287.150 as are therein given to plaintiff's employer in any recovery by plaintiff against the defendant third party.

Plaintiff-respondent contends that the provisions of said Section 287.150 have not operated to vest in appellant any interest in her recovery in this case against the third party, because as she states in her brief, she "did not sue the third person tort-feasor for medical expenses and loss of earnings during minority, inasmuch as the cause of action for loss of services and medical expense incurred, vests in the parents and not in the minor"; that "she did not recover" for said items; and that, as she had "no right of action against the third person tort-feasor for the items of loss of earnings and medical expenses during minority, the appellant can have no right to them by way of subrogation."

It is evident that the trial court adopted plaintiff's view of the matter as the court summarily entered judgment in plaintiff's favor, without hearing any evidence, declaring thereby that appellant had no interest in the recovery made by plaintiff and ordering the funds in the hands of the clerk paid over to plaintiff.

It is to be noted that the statute provides, without qualification or limitation, that "Where a third person is liable to the employee * * * the employer shall be subrogated to the right of the employee * * * against such third person * * * [and that] * * * such employer may recover any amount which such employee * * * would have been entitled to recover" for injuries sustained, and it further provides that out of "any recovery" so made the employer may reimburse itself for the amounts paid as compensation and, after deducting also the expense of recovery, shall pay the excess to the employee, but that the excess so paid to the employee shall be treated as an advance payment by the employer on account of any future installments of compensation.

We first consider the right of appellant to be indemnified out of plaintiff's recovery against defendant third party for the expense by it incurred in furnishing medical aid and hospitalization to plaintiff.

The Compensation Act requires an employer and its insurer to furnish medical aid and hospitalization and expenditures therefor constitute payments of *compensation.* Section 287.140 V.A.M.S.; Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S.W.2d 130; Buecker v. Roberts, Mo.App., 200 S.W.2d 529; Parker v. St. Louis Car Co., Mo.App., 145 S.W.2d 482. In an action for damages by an employee against a third party, the employee is entitled to recover such expenses, although the same have been defrayed by the employer or insurer, but the employee holds any such recovery for the benefit of the employer or insurer actually paying same. Brouk v. United Wood Heel Co., Mo.App., 145 S.W.2d 475.

As stated, plaintiff asserts that appellant was not entitled to indemnification out of the funds in question for these expenses defrayed by it because (1) plaintiff in her

action against the defendant third party had not included in her petition any such element of damage, and therefore the recovery by her embraced no allowance on such account; and (2) because plaintiff, being a minor, had no right to recover any such damages, such right being exclusively vested in her parents.

■ The first of such reasons is obviously lacking in merit. While Section 287.-150 has been construed as not depriving an injured employee of the right to institute and maintain an action for damages against the third party liable for the injury, it is the settled law that if the employee initiates such an action, he does so in a trust capacity, that is to say, as the trustee of an express trust, and as such trustee the employee is bound to protect the subrogation rights of the employer and insurer in the cause of action. Schumacher v. Leslie, (banc) 360 Mo. 1238, 232 S.W.2d 913; McKenzie v. Missouri Stables, Inc., 225 Mo. App. 64, 34 S.W.2d 136. If the plaintiff here had the right to recover damages on such account, and we think she did, she could not foreclose appellant's right to indemnification by her voluntary act in failing to include in her petition a request for an allowance of damages to cover such expenditures. To hold otherwise would permit her to profit by her voluntary breach of her duties as a trustee. An employee may not defeat the employer's or the insurer's right of subrogation by only suing for what are claimed to be non-compensable elements of damage. Barth v. Liberty Mutual Ins. Co., 212 Ark. 942, 208 S.W.2d 455.

■ Was the right to recover such damages vested solely in plaintiff's parents? It is true that in the ordinary case involving injuries to a minor child the right to recover her medical expense is in the parents, and not in the minor. Evans v. Farmers Elevator Co., 347 Mo. 326, 147 S.W.2d 593, 599. However, we do not think that such common law rule has any application to the instant case.

■ The obvious reason for the rule is that in the ordinary case the primary obligation to defray all such expense rests upon the parents who are charged with the duty of supplying the child's necessities. However, the parents' right of action is not for injury to the child, but for injury to the parents by reason of pecuniary loss directly sustained. 67 C.J.S., Parent and Child, § 41, p. 743. In the case at hand all such expenses have been paid by appellant and, consequently, the parents of plaintiff have sustained no pecuniary loss on such account. But such expenses have been incurred and have directly resulted from defendant third party's negligence, and there exists no reason to exonerate such defendant from liability therefor. The situation is identical with that which would exist had such expenses been defrayed by the minor plaintiff from her individual funds. No reasonable basis can be conceived justifying the denial to a minor of the right to recover such expenses where he "has actually paid them." See 37 A.L.R. 58. The plaintiff in practical effect has paid such expenses. The same have been satisfied through the performance by appellant of a contractual obligation owing plaintiff. The Compensation Act is contractual in nature and becomes an integral part of the employee's contract of employment, fixing rights and responsibilities as therein provided. Oren v. Swift & Co., 330 Mo. 869, 51 S.W.2d 59; Herndon v. S. A. Robertson Construction Co., 227 Mo.App. 694, 59 S.W.2d 75; State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061. The plaintiff's right to recover on such score is not affected by her minority. "For all purposes under, in connection with, or arising out of" the Compensation Act a minor stands emancipated. Section 287.-020, V.A.M.S.; Pruitt v. Harker, 328 Mo. 1200, 43 S.W.2d 769. These expenses were paid by appellant "under [and] in connection with" that Act. Under that Act plaintiff "stands emancipated." She had a right to recover these expenses as a trustee for appellant. Her voluntary act in failing to ask an allowance on such account can not operate to deprive appellant of its rights to reimbursement therefor out of the recovery by her made.

There remains for consideration plaintiff's contention that appellant has no right to be reimbursed out of plaintiff's recovery against the defendant third party for compensation payments made by it for temporary total disability. Much that we have said above applies with equal force to this contention. As we have pointed out Section 287.020 provides that a minor employee shall be deemed emancipated for all purposes under, in connection with, or arising out of the Act. The Act vests in a minor employee the right to recover compensation payable on account of temporary disability. Parents of an emancipated minor child have no right to recover for loss of earnings of such emancipated child occasioned by injury to it. 67 C.J.S., Parent and Child, § 42, p. 745. Furthermore, the Act contemplates that the employer or insurer shall be reimbursed in full for all compensation paid pursuant to the Act out of any recovery against a third party, sufficient in amount, after expenses, to permit reimbursement in full; otherwise to reimbursement as far as such recovery will permit. The Schumacher case, supra [360 Mo. 1238, 232 S.W.2d 916], points out that while either the employer or employee may sue the third party tort-feasor "the two may sue together". Let us assume that plaintiff and appellant had jointly sued Doris Johnson. Could the latter successfully contend that they had no right to recover for medical expense and lost earnings? We think not. Then what valid reason is there for saying that plaintiff, cast by our decisions in the role of trustee of an express trust, could not likewise recover those items?

Before concluding this opinion we desire to commend counsel for their able and exhaustive briefs.

We hold that appellant is entitled to be repaid out of the money in the hands of the Clerk to the extent of the compensation payments, including medical, made by it to plaintiff or on her behalf. Therefore, the judgment should be reversed and the cause remanded with directions to the trial court to ascertain the amount of said payments and, after so doing, order the Clerk to pay the same from the funds in his hands over to appellant-intervenor.

It is so ordered. All concur.