James JENKINS, Plaintiff,

v.

WESTINGHOUSE ELECTRIC COMPANY, Defendant.

No. 9291.

United States District Court
W. D. Missouri, W. D.

Sept. 7, 1955.

Harold Van Dyke (of Davis, Thomson, Van Dyke & Fairchild), Kansas City, Mo., for plaintiff.

Don M. Jackson (of Gage, Hillix, Moore, Park & Jackson), Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

The question here considered is whether a negligent third party, when sued in the Federal Court by a Missouri employee who has been paid compensation by his Missouri employer and the latter's insurer, under the Missouri Workmen's Compensation Act, Section 287.010 et seq. RSMo 1949, V.A.M.S., may, by motion, require the employer or his insurer to be made a party plaintiff as a "real party in interest", under Rule 17 (a) of Federal Rules of Civil Procedure, 28 U.S.C.A.

The question is a frequently recurring one, and, for the guidance of the bar, I feel I should succinctly set down my views upon it.

Plaintiff was an employee of Long Construction Company, which was performing an independent contract with Westinghouse at its plant in Kansas City, Missouri, when, through the claimed negligence of Westinghouse, plaintiff sustained "an injury by accident, arising out of, and in the course of, his employment" by Long Construction Company, which was a "major employer" and subject to the Missouri Workmen's Compensation law, which the plaintiff had not rejected, and plaintiff made claim for Workmen's Compensation, under the Missouri law, against his employer and the latter's insurance company, Hartford Accident and Indemnity Company, and was paid by it the sum of $5,355.15 on that account. Plaintiff, the employee, then brought this suit in this Court against Westinghouse, as a claimed negligent third party, to recover damages for his injury. Defendant, Westinghouse, now moves for an order requiring the compensation insurer, Hartford Accident and Indemnity Company, to be made an additional party plaintiff herein as a "real party in interest" under Rule 17(a) of Federal Rules of Civil Procedure, relying entirely upon the case of United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 216, 94 L.Ed. 171.

■ While ownership of, and title or relationship to, rights arising under the laws of a state are matters governed by substantive local state law, the matter of whom, holding rights so vested by the state law, constitute "necessary" or "proper" parties to an action, brought in a Federal Court, is one of adjective or procedural law, and governed by Federal Rules of Civil Procedure.

The Supreme Court clearly held, in the Aetna case, that a compensation insurer-subrogee, under the compensation laws of the three states there considered, is to be deemed, procedurally, to be a "real party in interest" within the meaning of Rule 17(a) of Federal Rules of Civil Procedure, and that, in the circumstances there considered, both the injured employee and the compensation insurer "own" portions of the substantive right created by the law of the state, and that "both are 'necessary' parties" within the meaning of Rule 19(b), "and should appear in the litigation in their own names", and that "the pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." Yet, it apparently was not the substantive local state law of any one of the three states there involved that title to the cause of action against the negligent third party was vested in the employee, or in the employer-insurer, as "trustee of an express trust", because that matter does not appear to have been pressed upon the attention of the Supreme Court and is in no way mentioned in its opinion, and the matter could not have been overlooked because the very section of the Federal Rules, Rule 17(a), which contains the language: "Every action shall be prosecuted in the name of the real party in interest", upon which the Supreme Court relied, continues, saying "but an * * * trustee of an express trust * * * may sue in his own name without joining with him the party for whose benefit the action is brought." It seems to me that here lies the key to the distinction between the Aetna case and like actions vested under the laws of Missouri.

Section 287.150 RSMo 1949, V.A.M.S., says that "Where a third person is liable to the employee * * * for injury * * * the employer shall be subrogated to the right of the employee * * * against such third person, and the recovery of such employer shall not be limited to the amount payable as compensation to such employee * * *, but such employer may recover any amount which such employee * * *

would have been entitled to recover", and "Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee * * *, and shall be treated as an advance payment by the employer, on account of any future installments of compensation". By Section 287.030 RSMo 1949, V.A.M.S., defining the word "employer", it is stated that any reference to employer shall also include his insurer. The Missouri courts have consistently held that, under these statutes, both the employee and the employer-insurer are vested with title to, and ownership of, the cause of action for the employee's bodily injuries against the negligent third party "as trustees of an express trust", and that either may sue, as such trustee, the negligent third party for, and recover, his entire liability for the bodily injury to the employee, for the benefit of the beneficiaries of the trust, the employee and the employer-insurer, as their interests may appear, McKenzie v. Missouri Stables, 225 Mo.App. 64, 34 S.W.2d 136; General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442; Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913, and that while either will be permitted to intervene in the suit of the other (to better or more satisfactorily protect his own beneficial interest in the trust), the judgment in the case, whether or not there be intervention by the other beneficiary of the trust, adjudicates all interests in, and binds all beneficiaries of, the trust—the employee and the employer-insurer.

■ So does the substantive local state law of Missouri vest title to, and ownership of, such cause of action in a trustee of an express trust. Now applying the adjective or procedural law, applicable in a Federal Court, to that situation, we see that while Rule 17(a) does say that "Every action shall be prosecuted in the name of the real party in interest" (and it seems clear enough, as held by the Supreme Court in the Aetna case, that both the employee and the employer-insurer are real parties in interest), the rule continues, saying "but an * * * trustee of an express trust * * * may sue in his own name without joining with him the party for whose benefit the action is brought." Thus, this procedural rule expressly provides that when, by the substantive local law of the state, the plaintiff is, and sues as, a trustee of an express trust, he need not, in suing in the Federal Court, join with him the beneficiaries of the trust. This, it seems to me, is the true distinction between the situation dealt with by the Supreme Court in the Aetna case, and the situation, under the law of Missouri, in a case like this.

■ But I do not think the rule is ironclad. Rather, I think there is room for the exercise of a sound discretion by the Court to require joinder of the employer-insurer as a party plaintiff, in such a case, when fairness requires, to avoid evasion of a set-off or a counterclaim or the like. But nothing of the kind appears in this case.

■ Moreover, the principal purpose of plaintiff, the employee, in resisting the motion to require the joinder of the insurer as a party plaintiff—to conceal from the jury the fact that an insurance company has a beneficial interest in the suit—cannot, with any certainty, succeed, because, under the general law, litigants in an action brought by a trustee are entitled to show in evidence who the beneficiaries are and their interests in the trust, and consistently, the Supreme Court, in the Aetna case, has said the proceedings should reveal "the actual interest of the plaintiff, and * * * indicate the interests of any others in the claim." That much of the opinion in the Aetna case is generally applicable to suits like this in Missouri, and it follows, in my view, that exclusion of evidence, showing who are the beneficiaries of the trust and their interests, would be error.

It follows, in my judgment, that the motion of defendant for an order requiring the joinder of the compensation insurer, Hartford Accident and Indemnity Company, as an additional party plaintiff in this suit should be, and it is hereby, denied.