O'HANLON REPORTS, INC., National Inspection Bureau, and Standard Accident Insurance Company, Plaintiffs-Appellants.

v.

Ben NEEDLES, d/b/a Ben Needles & Son Hauling and Express Company, Willie Johnson, and Utilities Insurance Company, Defendants-Respondents.

No. 31012.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Leritz & Leritz, Joseph L. Leritz, St. Louis, for plaintiffs-appellants.

Schwartz, James & Sweet, Wilbur C. Schwartz, Grove Sweet, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

Plaintiffs O'Hanlon Reports, Inc. and National Inspection Bureau, the joint employers of one Lawrence E. Rosebrock, and Standard Accident Insurance Company, their workmen's compensation insurer, seek by this action to enforce an alleged right of subrogation against the third party tortfeasor and his liability insurer. After the jury had been impaneled and plaintiffs had concluded their opening statement, defendants moved that plaintiffs' claim be dismissed for the reason that under the facts outlined in the opening statement no cause of action existed against defendants. After

a lengthy discussion between the court and counsel it was agreed between the parties that in ruling on the motion the court should take into consideration the facts as stated in plaintiffs' opening statement, Count II of plaintiffs' petition (to which further reference will be made), and a stipulation by defendants that they had not reimbursed plaintiff Standard Accident Insurance Company for the compensation it had paid the injured employee. Thereupon the court directed the jury to return a verdict for defendants, judgment conforming therewith was entered, and after an unavailing motion for a new trial plaintiffs appealed.

The facts as outlined in plaintiffs' opening statement, which are to be taken as undisputed, were these: On July 31, 1951, Lawrence E. Rosebrock, an employee of plaintiffs O'Hanlon Reports, Inc. and National Inspection Bureau, was injured in the city of St. Louis in an accident arising out of and in the course of his employment when his automobile was struck by a truck owned by defendant Needles, doing business as Ben Needles & Son Hauling and Express Company, and operated by defendant Johnson. Shortly thereafter (the record in the main is devoid of precise dates), Rosebrock employed counsel and filed a personal injury action for $47,000 against Needles. Rosebrock was disabled and unable to work, and plaintiff Standard Accident Insurance Company, the insurer, began to pay him compensation. Thereafter, on October 25, 1951, Standard Accident notified these defendants by letter of its claim for reimbursement for the compensation it was paying Rosebrock. As far as the record shows, defendants did not answer the letter. Standard Accident continued to pay Rosebrock compensation until sometime in October 1952, and in all paid him a total of $1,262.50. Standard Accident knew that Rosebrock had filed suit against Needles, and that Needles' liability insurer, Utilities Insurance Company, was defending it on his behalf, but Standard Accident did not seek to intervene in that action. A settle-

ment was negotiated by Rosebrock's counsel, whereby Utilities Insurance paid Rosebrock and his wife the sum of $12,500.00, and on October 21, 1952, Rosebrock dismissed his suit against Needles, with prejudice.

In addition to the foregoing facts given in the opening statement, the record also shows that this action was instituted by the plaintiffs on July 28, 1956, by the filing of a petition containing two counts, the first of which was directed at defendants, and the second at Rosebrock. In Count I plaintiffs pleaded in substance the foregoing facts, alleged that they did not learn of the settlement by Rosebrock of his suit until after it had been made, and prayed judgment against the defendants for $1,-262.50. In Count II plaintiffs incorporated the same facts by reference, and in addition alleged (1) that at the time Standard Accident undertook to pay compensation, Rosebrock and his attorneys agreed that they would reimburse it out of any recovery made in Rosebrock's suit against Needles; and (2) "* * * that under the provisions of the Missouri Workmen's Compensation Act the defendant Lawrence E. Rosebrock became and was constituted a Trustee to hold for the use and benefit of plaintiff Standard Accident Insurance Company, from the aforesaid payment, the compensation that had been paid to him in the sum of One thousand two hundred sixty-two and 50/100 Dollars ($1262.50) by the plaintiff Standard Accident Insurance Company; that under the provisions of said law plaintiffs were subrogated to any recovery made by defendant Lawrence E. Rosebrock to the extent of compensation paid to him by said plaintiff. * * *" The record further shows that after the case had been assigned to a jury division for trial plaintiffs voluntarily dismissed Count II of their petition against Rosebrock, without prejudice, and prosecuted their action against only defendants Needles and Utilities Insurance.

Plaintiffs' theory of their case is that by Section 287.150, RSMo 1959, V.A.M.S. they were given the right of subrogation against Needles for the compensation they had paid Rosebrock; and that the settlement made by Needles of the suit brought against him by Rosebrock did not foreclose or extinguish their right to indemnification, even though the amount paid Rosebrock in settlement was far in excess of the total compensation. Plaintiffs concede that under the many cases which have construed Section 287.150 (see Cunliff's Compensation Digest), when Rosebrock sued Needles Rosebrock became, in part at least, a trustee of an express trust for plaintiffs. General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442; McKenzie v. Missouri Stables Inc., 225 Mo.App. 64, 34 S.W.2d 136. They also concede that when Rosebrock received the $12,500 paid in settlement he became the trustee of an express trust for plaintiffs to the extent of the compensation of $1,262.50, which they had paid him. McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo., 323 S.W.2d 788; Giambelluca v. Missouri Pac. R. Co., Mo., 320 S.W.2d 457; Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913; Reiling v. Russell, 345 Mo. 517, 134 S.W.2d 33; McKenzie v. Missouri Stables, Inc., supra. But they argue that, "* * * Though the employee, by operation of law, may have held part of his settlement as trustee for the employer, this fact should not serve to destroy the employer's right against a negligent third party. Appellants know of no rule of law that would require one to proceed only against a trustee in such a case."

■■ We cannot agree with plaintiffs' contentions. The effect of their argument would be to allow a double recovery against the third party, which was condemned in Schumacher v. Leslie, supra, 1. c. p. 919 of 232 S.W.2d, as "* * * an evil to be avoided * * *." If Needles had paid the $12,500 to Rosebrock in satisfaction of a judgment, plaintiffs could have looked only to Rosebrock, their trustee, for the recovery of the compensation they had paid. Giambelluca v. Missouri Pac. R.

Co., supra; Schumacher v. Leslie, supra; McKenzie v. Missouri Stables, Inc., supra. The cases of McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., supra, and Sommers v. Hartford Acc. & Indem. Co., Mo.App., 277 S.W.2d 645 indicate that the same result follows when a settlement is made after a judgment has been obtained. We can see no logical reason why the rule should be different when the settlement is made before judgment as long as the amount paid in settlement is not inadequate or unfair, or a fraud on the employer or his insurer.

■ Plaintiffs were at all times aware that Rosebrock had sued Needles on their behalf, as well as on his own. They had the right to intervene in that action, had they so desired, Beck v. Moll, Mo.App., 102 S.W.2d 671, McKenzie v. Missouri Stables, Inc., supra, but they elected not to do so. They may have decided to let Rosebrock bear the expense of the litigation, as Section 287.150 required before it was amended. Zasslow v. Service Blue Print Co., Mo. App., 288 S.W.2d 377; or they may have relied on Rosebrock's express promise to reimburse them, as they pleaded in Count II of their petition (which plaintiffs specifically requested the court to take into account). Whatever may have been their reason, Rosebrock, as they admit, received the settlement as their trustee, and it is to Rosebrock they should look for reimbursement. Needles should not be required to pay twice.

Plaintiffs cite Everard v. Woman's Home Companion Reading Club, 234 Mo.App. 760, 122 S.W.2d 51 and Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858. In the Everard case the third party settled with the employee for a sum less than the compensation paid by the employer, and the court held that the settlement did not extinguish the employer's right of subrogation because it was inadequate and a fraud on the employer. Plaintiffs make no claim of inadequacy or fraud in the instant case, and the amount of the settlement was almost ten times the compensation. As to the Smith case, it does not appear that the Pennsylvania courts recognize the doctrine of trust relationship as it has been developed in this state since McKenzie v. Missouri Stables, Inc., supra.

Plaintiffs also contend that their right of subrogation is analogous to that acquired by a collision insurance carrier which pays its insured for the damage to the insured's automobile caused by a negligent third party and takes an assignment of the insured's whole claim for such loss. In the case cited by plaintiffs, General Exchange Insurance Corporation v. Young, Mo.App., 206 S.W.2d 683, affirmed 357 Mo. 1099, 212 S.W.2d 396, it was held that under those circumstances a subsequent settlement by the insured for his personal injuries and property damages did not bar an action by the insurance carrier against the third party tort-feasor who had been given prior notice of the assignment. The defendant in that case contended that the insured could not split his cause of action. This court held that in cases involving subrogation under insurance policies an exception existed to the general rule against splitting a cause of action. The Supreme Court thought it was more accurate to say that by the assignment " * * * there has been no split of the cause of action, but the creation of two separate causes of action." 212 S.W.2d 396, 400. Regardless of the difference in terminology, the fact which was considered decisive and the basis for both opinions was that the insured had assigned his *whole* claim for his entire property loss to the insurance carrier. It was held that after making such an assignment the insured had no further right or interest in the claim for property damages (and in fact, he had not sued for them); and that the insurance carrier thereby became " * * * the real party, and the only party, interested in collecting property damages * * *." 212 S.W.2d 396, 401.

■ By Section 287.150 the employer is not subrogated to the *whole* claim of the

employee. In fact, he is not even subrogated to the employee's whole claim for lost wages. His right of subrogation is limited to the compensation paid or payable. Nor does the statutory subrogation create two separate causes of action, as did the assignment in the General Exchange case. Section 287.150 does not take away from the employee his common law right of action against the third party tort-feasor, Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913; Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153. Regardless of the employer's rights of subrogation, the employee remains a real party in interest, and may bring a suit for *all* of his damages. McKenzie v. Missouri Stables, Inc., supra. In fact, he must do so, for he may not defeat the employer's right to subrogation by only suing for what he claims to be noncompensable elements of damages. Sommers v. Hartford Acc. & Indem. Co., Mo. App., 277 S.W.2d 645. In short, either the employee or the employer (or both together) may sue the negligent third party for all elements of the employee's damages, and whichever brings the action becomes the trustee of an express trust for the benefit of the other. General Box Co. v. Missouri Utilities Co., supra; McKenzie v. Missouri Stables, Inc., supra. Thus the right of subrogation given to the employer by Section 287.150 is not analagous to that acquired by the insurance carrier in the General Exchange case. Actually, while the word "subrogated" is used in Section 287.150, as pointed out in McKenzie v. Missouri Stables, Inc., 34 S.W.2d 136, 141, "* * * it is indemnity, and not true subrogation, for which the act provides."

■ While the question is somewhat academic, since the judgment for defendants should be affirmed, there is an additional reason why plaintiffs could not recover in this action against defendant Utilities Insurance. The charge in plaintiffs' petition was that defendant had in force and effect a liability insurance policy covering defendant Needles' truck. Rosebrock, the injured employee, had no cause of action against the third party's automobile liability insurer, Faught v. Washam, Mo., 329 S.W.2d 588; State ex rel. Anderson v. Dinwiddie, 359 Mo. 980, 224 S.W.2d 985; Haines v. Harrison, 357 Mo. 956, 211 S.W.2d 489, nor do plaintiffs, as his alleged subrogees.

For the reasons stated, the Commissioner recommends that the judgment should be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and MARSHALL CRAIG and WILLIAM M. KIMBERLIN, Special Judges, concur.