STATE of Missouri ex. rel. ROYAL–McBEE
CORPORATION, a Corporation, and Travelers Insurance Company, a Corp., Relators,

v.

Honorable Drew LUTEN, Judge of the Circuit Court of St. Louis County,
Missouri, Respondent.

No. 31932.

St. Louis Court of Appeals.

Missouri.

May 18, 1965.

Evans & Dixon, Albert J. Seier, Jr., St. Louis, for relators.

Holtkamp, Miller, Risch & Amelung, James J. Amelung, Sherman Landau, St. Louis, for respondent.

WOODSON OLDHAM, Special Judge.

This case is upon the application of the Relators Royal-McBee Corporation, a Corporation, and Travelers Insurance Company, a Corporation, for an original Writ of Mandamus to require Respondent, Honorable Drew Luten, Judge of the Circuit Court of St. Louis County, Mo., to permit them to intervene in a certain action pending in the Circuit Court of St. Louis County. Jurisdiction is in this court by virtue of the nature of the remedy requested and under the provisions of Art. V, Sec. 4 of the Constitution of Missouri, V.A. M.S.

This court issued its Alternative Writ directing the Respondent to allow such inter-

vention or to show cause why such intervention should not be allowed. Respondent filed his return to the Alternative Writ and Relators filed their answer to said return.

From the pleadings, exhibits, suggestions and briefs, the facts set out below appear to be material to the issues involved.

Delores Floyd, hereinafter referred to as Floyd or plaintiff, an employee of Relator Royal-McBee, was injured on September 6, 1962, when her car was struck from the rear by a car operated by Joseph Montalbano, hereinafter referred to as defendant or Montalbano. At the time of the accident Floyd was acting within the scope of her employment with Royal-McBee and she became entitled to and was paid Workmen's Compensation by Relator Travelers Insurance Company as insurer of Relator Royal-McBee.

Plaintiff Floyd, on October 8, 1962, brought suit #249463 in the Circuit Court of St. Louis County against Montalbano, claiming damages for personal injuries, medical and hospital expenses, loss of earnings, and impairment of earning capacity. In April 1963, plaintiff's attorney, Sherman Landau, was employed by relators to pursue their interests against Montalbano for compensation paid to plaintiff, on a one-third contingent fee basis. Plaintiff's case was set for trial in April 1964. Shortly after being notified of the trial date, plaintiff's attorney, Mr. Landau, notified relators that he and Floyd felt that there was a conflict of interest and that Landau could not continue to represent relators in the matter.

On March 16, 1964, relators filed the Motion and Petition to Intervene involved in the instant case, for the purpose of intervening in the third party lawsuit in order to protect their interest in said case. The Motion and Petition to Intervene were argued and submitted to Respondent, Hon. Drew Luten, on April 10, 1964, and were overruled by him "* * * without prejudice to movant to refile subsequent to jury verdict." Relators promptly brought Mandamus to this court to obtain the right to in-

tervene as set out in the application filed herein.

At the time suggestions in support of the Motion to Intervene were filed with the respondent, plaintiff had not filed her formal claim for Workmen's Compensation so that the amount of relators' liability to plaintiff, if any, was not yet established.

The pertinent Supreme Court Rule and Statute provide as follows:

Section 287.150, RSMo 1959: V.A.M.S. "SUBROGATION TO RIGHTS OF EMPLOYEE OR DEPENDENTS AGAINST THIRD PERSON—EFFECT OF RECOVERY

"1. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

"SUPREME COURT RULE 52.11 INTERVENTION

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *"

Respondent's return to the Alternative Writ based the refusal to permit relators to intervene on two points; (1) " * * * the relators have a separate cause of action for their subrogation claim * * *"; and (2) that intervention would " * * * subject plaintiff to the prejudicial impact of injection of insurance into the trial of her case and to thereby preclude her from receiving a fair consideration from the jury in her case."

Relators claim to have met all the requirements of Supreme Court Rule 52.11(a) (2), V.A.M.R. for intervention in the Floyd vs. Montalbano case, in that (1) relators filed their Motion to Intervene within ten days after they were notified of the withdrawal of Attorney Landau as representative of their interests; (2) relators claim to have a substantial interest in the lawsuit in which they seek to intervene by reason of having paid compensation to plaintiff Floyd under the Workmen's Compensation Act; (3) relators claim that their representation in the lawsuit is or may be inadequate (in fact does not exist by reason of the withdrawal of Attorney Landau as their counsel) and (4) that relators would, or may be, bound by the judgment in said case.

Relators' points (1) and (3), above, are established by the record filed in this court and need not be considered further. Respondent's point (1) above and relators' points (2) and (4) are so closely related that they will be considered together.

Section 287.150, V.A.M.S., clearly creates the relators' interest in the suit by Floyd against Montalbano. This interest is a right of indemnification for the compensation paid and to be paid by relators to Floyd. In O'Hanlon Reports, Inc. v. Ben Needles, 360 S.W.2d 382, 385 (St. Louis Court of Appeals 1962), this court clearly defined and recognized said interest and holds that relators *do not have a separate cause of action* for their subrogation claim and by so holding establishes that the relators are bound by the judgment

in the case of the employee against the alleged third party tort-feasor. We adopt with approval the language of this court in that case as follows:

"Plaintiffs were at all times aware that Rosebrock had sued Needles on their behalf, as well as on his own. They had the right to intervene in that action, had they so desired, Beck v. Moll, Mo.App., 102 S.W.2d 671, McKenzie v. Missouri Stables, Inc., supra, but they elected not to do so. * * *

"(4–6) By Section 287.150 the employer is not subrogated to the *whole* claim of the employee. In fact, he is not even subrogated to the employee's whole claim for lost wages. His right of subrogation is limited to the compensation paid or payable. Nor does the statutory subrogation create two separate causes of action, as did the assignment in the General Exchange case. Section 287.150 does not take away from the employee his common law right of action against the third party tort-feasor, Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913; Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153. Regardless of the employer's rights of subrogation, the employee remains a real party in interest, and may bring a suit for *all* of his damages. McKenzie v. Missouri Stables, Inc., supra. In fact, he must do so, for he may not defeat the employer's right to subrogation by only suing for what he claims to be noncompensable elements of damages. Sommers v. Hartford Acc. & Indem. Co., Mo.App., 277 S.W.2d 645. In short, either the employee or the employer (or both together) may sue the negligent third party for all elements of the employee's damages, and whichever brings the action becomes the trustee of an express trust for the benefit of the other. General Box Co. v. Missouri Utilities Co. [331 Mo. 845, 55 S.W.2d 442], supra; McKenzie v. Missouri Stables, Inc., supra. Thus the right of subro-

gation given to the employer by Section 287.150 is not analogous to that acquired by the insurance carrier in the General Exchange case. Actually, while the word 'subrogated' is used in Section 287.150 as pointed out in McKenzie v. Missouri Stables, Inc., [225 Mo.App. 64], 34 S.W.2d 136, 141 '* * * it is indemnity, and not true subrogation, for which the act provides.'"

The court in the O'Hanlon case also distinguished the General Exchange Ins. Corp. v. Young case, Mo.App., 206 S.W.2d 683, affirmed by the Supreme Court in 357 Mo. 1099, 212 S.W.2d 396, cited by respondent as authority for respondent's contention that relators have a separate cause of action for their subrogation claim in the following language, of which we approve: (360 S.W.2d 382, 385)

"Plaintiffs also contend that their right of subrogation is analogous to that acquired by a collision insurance carrier which pays its insured for the damage to the insured's automobile caused by a negligent third party and takes an assignment of the insured's whole claim for such loss. In the case cited by plaintiffs, General Exchange Insurance Corp. v. Young, Mo.App., 206 S.W.2d 683, affirmed 357 Mo. 1099, 212 S.W.2d 396, it was held that under those circumstances a subsequent settlement by the insured for his personal injuries and property damages did not bar an action by the insurance carrier against the third party tort-feasor who had been given prior notice of the assignment. The defendant in that case contended that the insured could not split his cause of action. This court held that in cases involving subrogation under insurance policies an exception existed to the general rule against splitting a cause of action. The Supreme Court thought it was more accurate to say that by the assignment '* * * there has been no split of the

cause of action, but the creation of two separate causes of action.' 212 S.W.2d 396, 400. Regardless of the difference in terminology, the fact which was considered decisive and the basis for both opinions was that the insured had assigned his *whole* claim for his entire property loss to the insurance carrier. It was held that after making such an assignment the insured had no further right or interest in the claim for property damages (and in fact, he had not sued for them); and that the insurance carrier thereby became ' * * * the real party, and the only party, interested in collecting property damages * * *.' 212 S.W.2d 396, 401."

We hold that relators, having met all the requirements of the statute, Section 287.150, V.A.M.S., and Supreme Court Rule 52.11, V.A.M.R., should be permitted to intervene in the case brought by plaintiff Floyd against Montalbano as a matter of right.

■ Respondent's return also claimed that intervention would " * * * subject plaintiff to the prejudicial impact of injection of insurance into the trial of her case and to thereby preclude her from receiving a fair consideration from the jury in her case." This point is discussed in respondent's brief under point II, said point being as follows: "The trial court was vested with discretionary authority to order a separate trial of relator's claim for the purpose of avoiding the prejudicial impact which would necessarily result from the injection of insurance into the trial of the primary suit" and cites a number of cases, none of which are Missouri cases. Respondent also relies on Supreme Court Rule 66.02, V.A.M.R., which is, in part, as follows:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * * or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues."

We think that this rule cannot be interpreted to prevent intervention by relators because Section 287.150, V.A.M.S., provides that the claim against the alleged negligent third party may be brought by either the employee or the employer or by both. As stated in O'Hanlon v. Needles, 360 S.W.2d 382, 386:

" * * * In short, either the employee or the employer (or both together) may sue the negligent third party for all elements of the employee's damages, and whichever brings the action becomes the trustee of an express trust for the benefit of the other."

Upon further consideration of the interjection of the fact that an insurance company is a party plaintiff in the case, and has made payments of compensation to the individual plaintiff employee, we find the case of Pritt v. Terminal RR. Ass'n of St. Louis, Mo., 251 S.W.2d 622, 624 (and cases cited therein), to be in point. In this case, the widow of an employee of a contractor brought suit for the wrongful death of her husband, alleging the negligence of defendant Terminal. Plaintiff had received an award of compensation which had been paid by an insurance company. The insurance company had not joined in the wrongful death action but was represented by plaintiff's attorney. The defendant's attorney, on voir dire examination of the jury, announced his intention of telling the jury that the insurance company had paid compensation and that plaintiff was only entitled to recover $3,000.00 and that the insurance company was—

" * * * actually one of the—if not the principal plaintiff in this case, because the calculation will disclose that this case is costing the Company approximately $12,000.00, which will be paid to his widow; and I think this *jury has the right to know that the real plaintiff in this case for all except $3,-*

*000.00 is the Insurance Company, and that this widow in no event can recover more than $3,000.00 * * *"*

Plaintiff objected on the ground that the insurance company was not an actual plaintiff and that mention of insurance or subrogation would prejudice the plaintiff widow's case. The objection was sustained and upon trial plaintiff widow received a verdict of $15,000.00.

The Supreme Court held that the ruling of the trial court was right and affirmed the judgment. The court said: (251 S.W.2d 622, 625)

"Damages under the wrongful death statute are to be awarded 'with reference to the necessary injury resulting from such death, *to the surviving parties* who may be entitled to sue,' etc. Section 537.090 RSMo 1949, V.A.M.S. Defendant's defense would of necessity be the same regardless of whether the action be brought in the name of the dependents as beneficiaries, or the employer or insurer, as subrogees. In either event, it is certain the division between the insurance company and Pritt's dependents of any recovery for his death would be of no concern to Terminal. Gones v. Fisher, 286 Ill. 606, 122 N.E. 95, 19 A.L.R. 760, 766. The 'great importance of protecting the plaintiff from irrelevant testimony during his effort to secure full damages for his injury' has been regarded as sufficient reason for not reversing a judgment because of the rejection of evidence showing the injured employe (plaintiff) had received compensation insurance even though such evidence was held admissible for the purpose of showing bias and prejudice on the part of his witnesses under the particular facts there in judgment. Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 931, 128 A.L.R. 1101, 1110. In the annotation appended to that case in 128 A.L.R. 1110, the matter is stated thus: 'The court was of the opinion that in an action brought by an injured employee against a third party for damages, evidence as to the fact of compensation through other sources should ordinarily be excluded, since it tends to impede the injured man in the exercise of his right to receive full compensation * * *.'

"(4, 5) The fact of payment by the insurer of the death claim under the compensation act with consequent pro tanto subrogation of the employer and insurer is no defense to the action. 58 Am.Jur., Workmen's Compensation, § 360. Nor will it operate to reduce the damages recoverable from one responsible for the loss. 15 Am.Jur., Damages, § 198. The conclusion seems inescapable that neither Terminal's liability for, nor the amount to be awarded on account of, Pritt's alleged wrongful death, were in anywise affected by the fact sought to be shown, and hence the court was warranted in excluding it."

■■ We can see no reason why the principles set out above cannot be applied in the instant case, in spite of the fact that the Insurance Company itself is one of the relators and would be a party plaintiff. We recognize that there are instances where reference to the subrogation claim and the real party in interest are a legitimate part of the defendant's case, among which are, for example, showing the interest, bias or prejudice of a witness; Houfburg v. Kansas City Stock Yards Co. of Maine, Mo., 283 S.W.2d 539; but, from the record before us, such reference would not seem necessary for any purpose here. In the event that there is a controversy between an employer-insurer and the employee as to the amount due each party from the alleged negligent third party tort-feasor, the court can, under Rule 66.02, V.A.M.R., order a separate trial as to such issue, thus keeping the issue of insurance out of the trial against the said third party.

As to the unfortunate alleged insolvency of Montalbano's insurance carrier, relators cannot be charged with the responsibility of this, any more than the plaintiff Floyd. Had not her counsel withdrawn from the representation of relator's interest because of an alleged, but not admitted, conflict of interest, there would have been no delay. Also there is nothing in the record before us that Royal-McBee Company is insolvent nor that Montalbano is insolvent.

The Alternative Writ of Mandamus is made permanent and Respondent directed to allow Relators to intervene in St. Louis County case No. 249,463, being Floyd v. Montalbano.

WOLFE, P. J., and ANDERSON, J., concur.