Colleen Dolan, Presiding Judge
Missouri Employers Mutual Insurance Company ("MEM"), brought claims against Vicki Clifton ("Clifton"), Shelter Mutual Insurance Company ("Shelter"), and Janet Akers ("Relator") to recover workers' compensation benefits in the amount of $4,107.79; this is the amount MEM paid to Clifton after she was injured in a motor vehicle accident with Relator that occurred while Clifton was acting in the course and scope of her employment. Shelter, Relator's insurer, negotiated a settlement with Clifton on Relator's behalf, where Clifton released Relator from liability in exchange for $8,672.16 that was paid directly to Clifton. MEM claims that Shelter (and thereby Relator), after receiving notice of MEM's subrogation interest provided by § 287.150, failed to include MEM in the settlement negotiations and improperly paid the settlement amount to Clifton instead of MEM.[1]
*534 Following the settlement and Shelter's payment to Clifton, MEM has been unable to collect from Clifton the amount of workers' compensation benefits it paid to her. In its petition, MEM asserted claims of negligence against Relator (Count I; relating to the actual automobile accident), breach of fiduciary duty and money had and received against Clifton (Counts II and III), and fraud against Shelter (Count IV). Relator filed a motion to dismiss Count I, arguing that Shelter, acting on her behalf, had settled with Clifton and obtained a release, and that she was not a proper party to the subrogation action under MEM's asserted counts, as MEM only brought a negligence claim against her. The trial court ("Respondent") denied Relator's motion to dismiss. Relator filed a petition for a writ of mandamus or prohibition with our Court, asking that we direct Respondent to enter an order granting her motion to dismiss, arguing that she should be dismissed from the action because MEM has not pleaded an applicable claim against her that would make her a proper party and upon which relief could be granted.
We requested that Respondent file a response and suggestions in opposition to Relator's petition and suggestions in support. After MEM failed to file a response on behalf of Respondent, we issued a preliminary order in prohibition and directed Respondent to file an answer to Relator's petition and suggestions in opposition, or a default judgment would be entered against her. Once again, MEM failed to respond on Respondent's behalf. Respondent is in default. After reviewing Relator's petition, exhibits, and suggestions in support, we find that Count I against Relator should be dismissed in the underlying case because MEM has failed to state a cause of action against Relator upon which relief could be granted under § 287.150. We therefore direct Respondent to enter an order granting Relator's motion to dismiss MEM's Count I, and the preliminary order in prohibition is made permanent.
Standard of Review
"Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority." State ex rel. Henley v. Bickel, 285 S.W.3d 327, 330 (Mo. banc 2009). "[P]rohibition will lie if plaintiff's petition 'does not state a viable theory of recovery, and relator was entitled to be dismissed from the suit as a matter of law.' " State ex rel. Goldsworthy v. Kanatzar , 543 S.W.3d 582, 584-85 (Mo. banc 2018) (quoting State ex rel. Union Elec. Co. v. Dolan, 256 S.W.3d 77, 81 (Mo. banc 2008) ). If the plaintiff's petition is insufficient to justify court action, "it is fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation in addition to being a waste of judicial resources and taxpayer money." State ex rel. Church & Dwight Co., Inc. v. Collins, 543 S.W.3d 22, 26 (Mo. banc 2018).
Discussion
Section 287.150, a workers' compensation statute, governs the apportionment of proceeds recovered from a liable third-party tortfeasor who injures an employee, and grants employers the right of subrogation to recover the amount of workers' compensation benefits paid or payable to the injured employee from the amount recouped from the third-party. Missouri Highway and Trans. Comm'n v. Merritt, 204 S.W.3d 278, 282 (Mo. App. E.D. 2006) ; § 287.150. Section 287.150 encompasses settlements with a third-party tortfeasor. Merritt, 204 S.W.3d at 282 ; Kinney v. Scheider Nat. Carriers, Inc., 200 S.W.3d 607, 613 (Mo. App. W.D. 2006) ;
*535 O'Hanlon Reports, Inc. v. Needles, 360 S.W.2d 382, 385 (Mo. App. E.D. 1962). Courts of this state have held that an employer's right of subrogation survives an employee's settlement with a third-party tortfeasor only when the settlement amount is inadequate to recoup the workers' compensation benefits paid or payable to the employee or when there is fraud upon the employer. Kinney, 200 S.W.3d at 613 ; O'Hanlon, 360 S.W.2d at 385. To hold otherwise would allow "double recovery" from the third party, which would clearly be an incorrect result. O'Hanlon, 360 S.W.2d at 384 (explaining that such double recovery is "an evil to be avoided").
In the underlying case, Count I against Relator should be dismissed because MEM did not plead that (a) the settlement amount Shelter, on behalf of Relator, paid to Clifton was inadequate for MEM to recover the full amount of the workers' compensation benefits paid to Clifton, or (b) that Relator somehow committed fraud upon MEM, as MEM asserted against Shelter. Rather, MEM only brought a claim of negligence against Relator in its Count I that related to the actual vehicular collision that injured Clifton; Relator was released from such a claim when Clifton agreed to the settlement and accepted the settlement amount. As Clifton has already recovered her damages resulting from Relator's negligence in causing the accident, MEM cannot recover additional amounts from Relator for this same claim under its subrogation action pursuant to § 287.150. Therefore, because MEM has not pleaded a claim against Relator asserting that the settlement amount was inadequate or that she committed fraud upon MEM, MEM has failed to state a claim upon which relief can be granted, and Count I against Relator should be dismissed.
Conclusion
Based on the foregoing, we find that MEM has failed to state a claim against Relator in its Count I upon which relief can be granted. Respondent is therefore directed to enter an order granting Relator's motion to dismiss Count I of MEM's petition. The preliminary order in prohibition is made permanent.
Sherri B. Sullivan, J., concurs.
Robert M. Clayton III, J., concurs.

All statutory references are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.